UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAM CHIM'S CORP,<br><br>    Defendant. | Case No. 21-cv-01821-WHO<br><br>**ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 18 |

Plaintiff has filed a motion for entry of default judgment. Dkt. No. 18. The opposition to that motion was due by October 14, 2021. No opposition or appearance by defendant or defense counsel has been made. I find this matter suitable for resolution without oral argument, and VACATE the November 10, 2021 hearing. Civ. L.R. 7-6. But having reviewed the motion for entry of default judgment and its exhibits, the application is DENIED WITHOUT PREJUDICE due to the following issues that need to be addressed or resolved.

First, and most troubling, plaintiff states in his motion, with respect to the element of the Americans with Disabilities Act that public accommodations are required to remove architectural barriers, where such removal is readily achievable" (42 U.S.C. § 12182(b)(2)(A)(iv)), that:

> Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal…") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

Motion at 11.

However, as plaintiff's counsel know full well given rulings in cases **brought by Johnson**, both of those statements are no longer good law.  Courts in this district and throughout the Ninth Circuit recognize that the waiver argument is foreclosed by the burden-shifting standard adopted by the Ninth Circuit in *Lopez v. Catalina Channel Express, Inc*., 974 F.3d 1030, 1034 (9th Cir. 2020) and that even in a default context, a plaintiff still needs to meet his "initial burden of plausibly showing that a proposal for removing a barrier is readily achievable."  *See e.g.*, *Johnson v. Garlic Farm Truck Ctr. LLC*, 20-CV-03871-BLF, 2021 WL 2457154, at *6 (N.D. Cal. June 16, 2021) ("Mr. Johnson's assertion, which is based on outdated authority, is incorrect."); *see also Dunn v. Abrahamian*, CV209713FMOAGRX, 2021 WL 1570831, at *2 (C.D. Cal. Mar. 9, 2021) (rejecting *Vogel's* statement that a mere allegation in a complaint is sufficient in a default setting as *Vogel* predated *Lopez*).  Given that plaintiff's counsel and plaintiff himself have hundreds of cases pending in the Northern District alone, counsel should be concerned about misrepresenting the state of the law and should update their form pleadings accordingly.

Directly relevant to the denial, without prejudice, of the current motion, plaintiff's complaint asserts that no wheelchair accessible "dining surfaces" were available.  Complaint ¶ 10.  The Complaint does not identify whether he sought inside or outside dining.  In the motion for entry of default judgment, the motion asserts that there were no ADA-compliant "outside" dining surfaces for wheelchair users (Mot. at 1) and Johnson states that there was "no sufficient knee or toe clearance under the outdoor dining surfaces for wheelchair users."  Johnson Declaration [Dkt. No. 18-4] ¶ 3.  Plaintiffs do not address the presence or absence of indoor ADA-compliant dining surfaces; whether indoor dining was offered at that time, whether there were indoor ADA-complaint surfaces, whether the ADA requires full access to outdoor dining when indoor dining is otherwise available.  This creates both evidentiary and legal gaps that preclude my granting the motion for entry of default judgment.

A supplemental declaration from Johnson must be provided stating whether indoor dining was available at the time of his November 2020 visit, and if it was, whether ADA-compliant indoor dining surfaces were available at that time.  If indoor dining was available, and ADA-

compliant surfaces were available for indoor dining *or* if Johnson does not know whether compliant indoor surfaces were available, a supplemental memorandum in support of default judgment shall be submitted addressing whether the ADA requires accessible dining surfaces outdoors if they are otherwise offered indoors. If Johnson declares under penalty of perjury that indoor dining was not offered at the time of his visit, no further briefing is required.

Plaintiff also seeks $400 in costs for "investigation," but does not substantiate or explain through a declaration what investigation was done and how much it cost. The motion cites to a "Dec of Investigator." (Motion at 1). However, there is no declaration from an investigator provided. There is an unsigned report (Exhibit 3) and photographs (Exhibit 4), but no declaration from an investigator or an attorney of record identifying, authenticating, or explaining either of those sets of documents. A declaration from the investigator, substantiating the investigation and the cost of that investigation, shall be provided for my review.

Finally, I note that the Complaint in this case was signed by Amanda Seabock. Dkt. No. 1. Yet no time for Ms. Seabock's review of the Complaint, which she presumably reviewed prior to signing, or for any work on this case is sought. Dkt. No. 18-3; Cal. Civ. Proc. Code Ann. § 1250.330 ("The signature of the attorney constitutes a certificate by him that he has read the pleading and that to the best of his knowledge, information, and belief there is ground to support it."); *see also* Fed. Rule of Civ. Proc. 11. The billing records submitted in support of the request for an award of attorney fees do not indicate that *any* attorney reviewed the Complaint that was drafted by a legal assistant before it was filed. Ms. Seabock must submit a declaration attesting that she reviewed the Complaint in its filed-form prior to its filing before any fees are awarded.

The declarations (and if necessary, briefing) required by this Order shall be provided within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: November 8, 2021

William H. Orrick
United States District Judge

3